**EXHIBIT 3**

## SETTLEMENT AGREEMENT AND RELEASE

███████ and his parent and legal guardian Theresa ███ ("███") and Grays Harbor County, Gerald Murphy, Greg Reynvaan, and John and Jane Does ("the County") desire to settle and resolve all disputes growing out of ███'s detention at the Grays Harbor County Juvenile Detention Center, including, but not limited to, claims asserted in *Theresa ███, parent and legal guardian for M.D., a minor v. Grays Harbor County, a municipality; Gerald Murphy, Greg Reynvaan, and John and Jane Does, in their individual capacity,* Cause No. 3:17-cv-05186-RBL (the "Lawsuit"). ███ and the County are sometimes referred to collectively as the "Parties." It is therefore agreed as follows:

1. **Agreement Not Admission.** This Agreement is not an admission by the County that it (or any of its employees) has violated any law or failed to fulfill any duty to ███.

2. **Release.** ███ specifically acknowledges and accepts the County's undertakings in this Agreement as full settlement of any and all claims, known or unknown, arising out of or related to ███'s detention at the Grays Harbor County Juvenile Detention Center, including but not limited to the claims that were asserted, or could have been asserted in the Lawsuit based on the facts alleged in the Complaint. The Parties realize this constitutes a full and final settlement of any and all such claims, and except for obligations arising under this Agreement, this Agreement releases the County (including the County's elected officials, councilmembers, officers, directors, employees, agents, and insurers, and anyone else against whom ███ could assert a claim based on ███'s detention) from any further liability to ███ (or to anyone else ███ has the power to bind in this Agreement) in connection with such claims.

3. **Dismissal with Prejudice.** Upon execution of this Agreement and receipt of the settlement funds, and within 30 days of satisfaction of the obligations described in Paragraph 5 below, the Parties will dismiss the Lawsuit with prejudice, with each party to bear their own attorney fees and costs, except as otherwise provided in this Agreement. ███ agrees to dismiss with prejudice any other action filed with any court, administrative agency, or any grievances or appeals against the County filed in any forum, and ███ further agrees not to file any action regarding released claims, including without limitation, any claims released under Section 2 in the future.

4. **Settlement Payment.** As consideration for the settlement of any and all claims as set forth in Paragraph 2 above, the County agrees to pay to ███ forty-five thousand dollars ($45,000.00) in general damages, subject to 1099 and all applicable taxes, and payable within 30 days of ███'s delivery of the original executed version of this Agreement ("the Settlement Date"). A check for $45,000.00 will be made payable to "MacDonald Hoague & Bayless in trust for ███████" and will be delivered to ███'s attorney, David J. Whedbee, at the following address:

> MacDonald Hoague & Bayless
> 705 Second Avenue, Suite 1500
> Seattle, Washington 98104

5. **Additional Obligations.** As additional consideration, the County agrees to take the following actions:

   a. The County will revise its juvenile detention policy regarding discipline and the use of isolation and room restriction to be consistent with the Washington State Juvenile Justice & Rehabilitation Administration Policy 22, *Assigning Room Confinement, Programmed Room Confinement and Isolation,* ("JRA Policy 22"), and will present this revised policy to ▮▮▮ for review within 90 days of the Settlement Date.

   b. The County will provide ▮▮▮ with a copy of its training protocols and curriculum related to the policy change within 120 days of the Settlement Date.

   c. The County will certify by December 1, 2017 that it has trained all existing Juvenile Detention Center staff using the training protocols and curriculum which were provided to ▮▮▮.

   d. The County will certify by December 1, 2017 that it will train all newly hired Juvenile Detention Center staff on the revised policy, and provide refresher training to all staff regarding the revised policy once every 12 months.

   e. The County will provide verification that its practices comply with the revised policy. Verification may take the form of expedited provision of a juvenile detainee's file to the detainee and/or the detainee's legal guardian or legal representative.

6. **Mediation Fees.** The County agrees to pay for the full mediation costs of mediating this dispute with Paris K. Kallas on May 30, 2017.

7. **SGAL Fees.** The County agrees to pay the SGAL fee, not to exceed one thousand five hundred dollars ($1,500.00).

8. **Tax Liability.** ▮▮▮ agrees that the County makes no representation as to any tax consequences arising from the above payment. Moreover, ▮▮▮ understands and agrees that any tax consequences and/or liability arising from the settlement payment shall be his sole responsibility. ▮▮▮ certifies that there are no outstanding liens or medical bills.

9. **Authority to Enter Agreement.** ▮▮▮ represents and warrants that, as of the date of this Agreement, he is the true party in interest, that he is fully authorized to execute this Agreement, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any rights surrendered by virtue of this Agreement.

10. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of any heirs, legal representatives, successors, and assigns of the Parties.

11. **Governing Law and Dispute Resolution.** This Agreement shall be governed by and construed in accordance with the laws of the State of Washington. Any disputes to enforce or interpret the terms of this Agreement, or any portion thereof, shall be submitted to Paris K. Kallas, Judicial Dispute Resolution, for binding arbitration. In the event of arbitration, the prevailing party shall be entitled to attorney fees and arbitrator costs. Any disputes other than disputes involving the terms of this Agreement shall be subject to litigation in the State Courts located in Thurston County.

12. **Entire Agreement.** This Agreement (a) contains the entire understanding of the Parties with respect to the subject matter covered; (b) supersedes all prior and contemporaneous understandings; and (c) may only be amended in a written instrument signed by the Parties.

13. **Knowing and Voluntary Waiver.** ▮ acknowledges that he has been advised to consult with an attorney, and has had an opportunity to do so, before signing the Agreement, which ▮ has been given a reasonable period of time to consider.

14. **Counterparts.** This Agreement may be executed by the Parties via facsimile transmission or in separate counterparts, each of which when executed and delivered shall be an original, but all of which together shall constitute one and the same instrument.

| THERESA ▮, parent and legal guardian for ▮ | GRAYS HARBOR COUNTY |
|---|---|
| *Theresa Doe* | By: *Wesley Cormier* |
| Theresa Doe | Its: Chair |
| 6-23-17 | 6-26-17 |
| Date | Date |