**EXHIBIT 5**

# MICHAEL & ALEXANDER PLLC

*Suzanne Kelly Michael*
*(206) 442-9696*
*suzanne@michaelandalexander.com*

*Kathleen A. Kline*
*(206) 442-9696*
*kathleen@michaelandalexander.com*

October 13, 2017

**Via Email and U.S. Mail**
David Whedbee
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, WA 98104

RE: *Doe v. Grays Harbor County, et al.* – Injunctive Relief Component of Settlement

Dear Mr. Whedbee:

Thank you for your letter. We have reviewed the Washington State Juvenile Justice & Rehabilitation Administration Policy 22, Assigning Isolation and Room Confinement ("JR Policy 22") and your proposed changes to the County's new policy regarding room confinement, protective custody, and isolation that was sent to you on August 24, 2017. Please find attached a revised copy of the County's policy. This revised policy incorporates all but one of your proposed changes. Because there are already safeguards built into the revised policy that require the Detention Director to approve <u>all</u> programmed room confinement and requires that there be a written plan in place before any programmed room confinement is imposed (*see* 2.8, 2.9, 2.10, 2.11, 2.12), paragraph 41 of JR Policy 22 is not necessary. With these changes, we believe the attached revised policy is consistent with JR Policy 22.

As Judge Edwards stated in his letter, each officer at the Juvenile Detention Center is required to review the revised policy and certify in writing that he or she has reviewed it and understands the changes. This kind of self-training is commonplace in juvenile facilities and satisfies the terms of the Settlement Agreement. Please let us know if you would like to confer further about this issue or if you are prepared to file the Petition for Minor Settlement with the Court.

Very truly yours,

MICHAEL & ALEXANDER PLLC

Suzanne Kelly Michael
Kathleen A. Kline

SKM:KAK
565.140

**GRAYS HARBOR COUNTY JUVENILE DEPARTMENT**
**DETENTION DIVISION**

**POLICIES AND PROCEDURES**

POLICY # _____     EFFECTIVE DATE: _____

APPROVED: _____     PAGE   1   OF   6
                    Director

**USE OF ROOM CONFINEMENT, PROTECTIVE CUSTODY AND ISOLATION**

**SECTION 1:   DEFINTIONS**

1.1   **Room Confinement:**  confinement in the youth's assigned room or in a room with standard living unit room amenities.

1.2   **Protective Custody:**  confinement to protect the youth from self-harm or under other circumstances when the health or safety of the youth may be in danger.

1.3   **Isolation:**   confinement in a room without amenities and designated for the control of behavior or to deter a hazardous situation.

**SECTION 2:  ROOM CONFINEMENT**

2.1   Room confinement may be used as a consequence for disruptive or negative behaviors.  Staff will use the least amount of time to meet the purpose of the intervention.

2.2   Staff may impose room confinement for up to one (1) hour to address poor behavior and/or as a means to de-escalate the behavior of a youth.  Staff must consider how the intervention will enhance the ability to achieve a desired modification of behavior. This may include assisting the youth in using skillful behavior.

2.3   A youth may be placed in room confinement beyond one hour for any of the following reasons:

   a. Any reason for which isolation is allowed;
   b. A consequence of attempted escape or assisting in an escape.
   c. Repeated violation of facility or living unit rules;
   d. Repeated refusal to follow staff directives, or behavior legally defined as a law violation

**GRAYS HARBOR COUNTY**  POLICY # _____
**JUVENILE DEPARTMENT**
**DETENTION DIVISION**  PAGE #   2   OF   6

2.4   When placement on room confinement exceeds one hour, staff will:

   a. Inform the youth of the specific reasons for confinement
   b. Allow the youth an opportunity to respond prior to the expiration of the one-hour period.
   c. Confinement may include identification of skills and behavior modifications to assist the youth.

2.5   A single incident of placement on room confinement totaling five (5) hours or more during one day, excluding established facility sleeping hours, must be documented on an Incident Report.  All detainees placed on room confinement must be reviewed periodically to assess their readiness for release from confinement.

2.6   Within twenty-four hours after room confinement is imposed, a Detention Officer III or the Detention Director will have a face-to-face meeting with the youth to make a decision regarding the extension of room confinement beyond twenty-four hours up to seventy-two hours.  Room confinement may be extended beyond twenty-four hours if:

   a. The original cause or any other valid cause for room confinement exists.
   b. The youth fails to make a verbal commitment to engage in skillful behavior and not to engage in the non-adaptive behavior that led to room confinement.
   c. Continued room confinement will sufficiently meet the purpose of the intervention, which may include deterring the negative behavior that resulted in room confinement.

2.7   If a youth, during one day, receives cumulative room confinement exceeding five (5) hours, but no single confinement exceeds one (1) hour, the responsible supervisor must review the incidents to ensure the youth is receiving appropriate treatment and document the review.

2.8   A youth may be placed on programmed room confinement in the youth's assigned room or in another room with standard living unit amenities.  Programmed room confinement may be used when less restrictive methods have not been effective and should be time limited with the intent of accomplishing a specific goal or set of goals.  Programmed room confinement may be used:

**GRAYS HARBOR COUNTY**　　　POLICY # _____
**JUVENILE DEPARTMENT**
**DETENTION DIVISION**　　　　PAGE #　  3　 OF 　 6 

    a. When a youth has become a serious management problem due to repeated escape attempts or repeated violations of facility rules.
    a. As part of a specialized treatment program, when less restrictive controls have failed to stabilize behavior; or
    b. To prevent the necessity of transferring a youth to a higher security level or more restrictive program.

2.9　A youth may be placed on programmed room confinement as part of a planned program only after the following:

    a. A supervisory staff has met with the youth;
    b. A written plan has been approved by the Detention Director. The plan must address, at a minimum:
       i)　Statement of problem;
       ii)　Previous attempts at solutions;
       iii)　Goals that include youth input;
       iv)　Specific restrictions and limitations to be placed on the youth;
       v)　Criteria and steps by which the youth can gain release from confinement;
       vi)　Estimated length of time for the program;  and
       vii)　The youth has had an opportunity to present his/her views

2.10　If placement on programmed room confinement impacts the youth's regular school curriculum, there must be an opportunity to maintain normal school progress during the period of programmed room confinement.

2.11　Initial placement on programmed room confinement may be for up to seven (7) days. Staff may terminate placement on programmed room confinement at any time, subject to approval by supervisory staff or the Detention Director.

2.12　The Detention Director may impose continue programmed room confinement for up to fourteen (14) days.

**SECTION 3:  ISOLATION**

3.1　Staff may place a youth in isolation when, in the judgment of staff, there is reasonable cause to believe failure to do so would present:

    a. An immediate threat of physical harm to the youth, others or property;
    b. An immediate threat of escape.
    c. A continuing disturbance disruptive to the sleep or program activity of other youth.

**GRAYS HARBOR COUNTY**          POLICY # _____
**JUVENILE DEPARTMENT**
**DETENTION DIVISION**           PAGE #   4   OF   6

3.2  Staff must complete an Incident Report for all occurrences of isolation. The Detention Director must review these reports.

3.3  All residents placed in isolation must be reviewed periodically to assess their readiness for release from isolation. These reviews must be held:

   a. Two (2) hours after isolation is imposed, face to face with the youth, by a staff member;
   b. Four (4) hours after initial isolation, face to face with the youth, by a supervisory staff;
   c. Eight (8) hours after initial isolation, face to face with the youth, by a a supervisory staff
   d. Twelve (12) hours after initial isolation, face to face with the youth, by a Detention Officer III.
   e. Sixteen (16) hours after initial isolation, face to face with the youth, by the Detention Director.
   f. Twenty-four (24) hours after initial isolation by the Detention Director.
   g. Forty-eight (48) hours after initial isolation excluding weekends and holidays and daily thereafter by the Detention Director.
   h. The Detention Director may make the decision to extend placement in isolation if the original cause for isolation continues, or if any other valid cause exists.

3.4  To remove a youth from isolation:

   a. The original cause or any other valid cause for isolation must not exist.
   b. The youth must be visibly calm.
   c. The youth should make a verbal commitment to engage in skillful behavior and not engage in the disruptive behavior that resulted in isolation or any other maladaptive behavior that is a valid cause for isolation.
   d. The behavior of the youth in isolation must demonstrate that they no longer possess a threat.

3.5  A review that begins 60 minutes before or after the time it is due shall be considered as a timely.

3.6  Reviewers may waive the above periodic reviews until the hour after breakfast if they fall within designated sleeping hours.

| | |
|---|---|
| **GRAYS HARBOR COUNTY** <br> **JUVENILE DEPARTMENT** <br> **DETENTION DIVISION** | POLICY # _____ <br><br> PAGE #   5   OF   6 |

3.7 If, for extraordinary reasons, a periodic review cannot be held within the required time frames, one must be held as soon as possible and the reason for the delay must be documented.

3.8 Isolation beyond five (5) days requires a meeting between the Detention Director and the Facility Director.

3.9 Completed isolation confinement records will be reviewed by the Detention Director.

3.10 Staff will remove the youth from isolation when:

    a. The purpose of confinement is met.
    b. Desired behavior is evident.
    c. Staff have documented a reason to believe the behavior would not immediately reoccur.

3.11 Places of isolation will be:

    a. Within calling distance of staff or equipped with a direct communication link to staff.
    b. Lighted, heated, clean and ventilated at the time the youth is placed in isolation.

3.12 A youth must not be required to clean the isolation room before being placed in it; however, a youth placed in isolation may be required to clean the room prior to release.

3.13 Youth placed in isolation or on room confinement will have access to the following amenities provided the behavior of the youth permits such amenities to be delivered:

    a. Clothing or suicide resistant smock;
    b. Mattress and bedding;
    c. Medication under staff supervision;
    d. A toilet and sink at least hourly; and a bath or shower at least daily;
    e. The same meals as other youth;
    f. A minimum of one hour of supervised release time every 24 hours including the opportunity for physical exercise (in addition to access to hygiene facilities).

**GRAYS HARBOR COUNTY**          POLICY # _____
**JUVENILE DEPARTMENT**
**DETENTION DIVISION**           PAGE #   6   OF   6

       i) Recreational services and facilities are provided subject to staff availability and the youth's behavior and treatment needs.
       ii) If the youth is placed in isolation or on room confinement for less than 24 hours, he/she may receive his/her release time before or after being placed in isolation or on room confinement;
  g. Visitors, telephone calls, and mail consistent with facility policy;
  h. Necessary medical treatment;
  i. Necessary mental health services;
  j. Legal services;
  k. Reading material, paper, writing material and envelopes;
  l. Treatment material; and
  m. Other appropriate educational supplies.

3.14 A youth placed in isolation or on room confinement should have access to reading material, paper, writing material and envelopes, treatment material, and other appropriate educational supplies, unless precluded by Suicide Precaution Level or the items would hinder staff efforts to resolve the problems that caused isolation or room confinement.